UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEVONTE BOLDON ) | |
| ) | |
| plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | Judge |
| CHICAGO POLICE OFFICERS ) | |
| DAVID SALGADO, STAR # 16347; ) | |
| ROCCO PRUGER, STAR # 15445; ) | |
| ASAHI HAYDEN, STAR #10118; ) | |
| RICHARD MOSTOWSKI, STAR #12898; ) | |
| XAVIER ELIZONDO, STAR #1340; ) | |
| B. MARTINEZ, STAR #14519; ) | |
| NICHOLAS D'ANGELO, STAR #16801; ) | |
| JEFFERY CARIBOU, STAR #7416; ) | |
| UNKNOWN ) | |
| CHICAGO POLICE OFFICERS; and ) | JURY DEMAND |
| THE CITY OF CHICAGO, a Municipal ) | |
| Corporation, ) | |
| defendants. ) | |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, DEVONTE BOLDEN, by and through his attorneys, Bedi & Singer, LLP and complains of DEFENDANTS, CHICAGO POLICE OFFICERS DAVID SALGADO, STAR # 16347; ROCCO PRUGER, STAR # 15445; A. HAYDEN, STAR #10118; R.S. MOSTOWSKI, STAR #12898; XAVIER ELIZONDO, STAR # 1340; B. MARTINEZ, STAR #14519; N.D. D'ANGELO, STAR #16801; J.D. CARIBOU, STAR #7416, OTHER UNKNOWN CHICAGO POLICE OFFICERS (hereinafter "DEFENDANT

1

OFFICERS"); and THE CITY OF CHICAGO (herein after "DEFENDANT City of Chicago) , as follows:

## JURISDICTION

1. This complaint alleges violations of plaintiff's constitutional and civil rights protected under title 42 United States Code §1983. This Court has jurisdiction pursuant to title 28 United States Code §1331 and 1343.

2. This complaint also alleges violations of Plaintiff's rights under state law. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 United States Code §1367.

## VENUE

3. The violations alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this district pursuant to title 28, United States Code §1391. Further, the Plaintiff and DEFENDANT OFFICERS reside within this jurisdictional district and DEFENDANT CITY OF CHICAGO is a municipal corporation located within this district.

4. The DEFENDANT OFFICERS were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcements officials.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff DEVONTE BOLDON ("BOLDON") is a 24 year-old African American resident of the City of Chicago, Illinois.

6. Defendant City of Chicago is a municipal corporation under the laws of the State of Illinois.

7. Defendant Officer SALGADO is an officer with the Chicago Police Department.

8. Defendant Officer PRUGER is an officer with the Chicago Police Department.

9. Defendant Officer A. HAYDEN, STAR #10118 is an officer with the Chicago Police Department.

10. Defendant Officer R.S. MOSTOWSKI, STAR #12898 is an officer with the Chicago Police Department.

11. Defendant Officer XAVIER ELIZONDO, STAR # 1340 is an officer with the Chicago Police Department.

12. Defendant Officer B. MARTINEZ, STAR #14519 is an officer with the Chicago Police Department.

13. Defendant Officer N.D. D'ANGELO, STAR #16801 is an officer with the Chicago Police Department.

14. Defendant Officer J.D. CARIBOU, STAR #7416 is an officer with the Chicago Police Department.

15. Unknown Defendants are officers with the Chicago Police Department.

16. On the afternoon of April 1, 2017, at approximately 18:21 in the City of Chicago, Illinois, BOLDON was visiting the home of James Cannon located at 2141 East 70th Street. At all times relevant hereto, BOLDON was not in violation of any laws.

17. DEFENDANT OFFICERS, entered the home of James Cannon, the leaseholder of the property, who allegedly gave them permission to enter the home.

18. BOLDON was unlawfully arrested by DEFENDANT OFFICERS and eventually charged with aggravated unlawful use of a weapon by felon under Indictment number 17 CR 7768. Such indictment resulted from the false testimony provided to the Grand Jury by DEFENDANT OFFICER PRUGAR on May 22, 2017.

19. When the DEFENDANT OFFICERS searched the house, the DEFENDANT OFFICERS recovered money that was not inventoried.

20. At such time, Defendant OFFICER Salgado knew such charges were without basis in fact or law and were being filed by the defendants to cover up and provide a false justification for the illegal and wrongful acts perpetrated against BOLDON described herein.

21. BOLDON was forced to defend himself against these false charges and hired counsel to defend him.

22. But for the DEFENDANT OFFICERS' misconduct outlined above, the criminal prosecution of the BOLDON would not have occurred.

23. In May 2018, In May 2018, DEFENDANT OFFICER SALGADO and ELIZONDO were indicted and charged in Federal criminal case under case number 18-CR-286 for conspiring with others to commit criminal offenses against the United States in their capacity as Chicago Police Officer.

24. On May 24, 2018, the Cook County State's Attorney office dismissed all charges against BOLDON.

25. BOLDON wrongfully incarcerated causing extreme mental and physical hardships, physical injury, as well as, humiliation and indignities.

**Count I – 42 U.S.C. § 1983**

4

(Defendant Officers)

26. BOLDON realleges paragraphs 1 through 25 as if fully re-pleaded herein.

27. On April 1, 2017, the DEFENDANT OFFICERS, falsely arrested and unlawfully detained BOLDON without a warrant, justification and without probable cause. This arrest was in violation of the BOLDON'S rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

28. The DEFENDANT OFFICERS acted unlawfully and maliciously with reckless indifference to the right of others and specifically BOLDON.

29. The DEFENDANT OFFICERS arrested BOLDON and falsely imprisoned him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

30. As a direct and proximate result of this illegal arrest force, BOLDON has suffered extensive damages, including but not limited to: prolonged physical incarceration, severe emotional harm, legal and other out of pocket costs and other damages which will be proven at trial.

WHEREFORE, BOLDON prays judgment against the DEFENDANT OFFICERS in a fair and just amount sufficient to compensate him for the injuries suffered, plus, BOLDON seeks a substantial sum in punitive damages against each of the DEFENDANT OFFICERS, as well as, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count II – False Arrest

(Defendant Officers)

31. BOLDON re-alleges paragraphs 1 through 25 as if fully re-pleaded herein.

32. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 United States Code §1367.

33. The DEFENDANT OFFICERS wrongfully, falsely, and maliciously charged BOLDON of the crime of aggravated unlawful use of a weapon by felon when, in fact, they knew such charges to be false.

34. The arrest and imprisonment of BOLDON was caused by the DEFENDANT OFFICERS without any warrant, without authority of the law, without any reasonable cause or belief that BOLDON was in fact guilty of a crime, without exigent circumstances, and without any other legal justification.

35. The DEFENDANTS were acting within the scope of their employment and within the rules and customs of the Chicago Police Department when they falsely arrested BOLDON under color of state law.

36. As a result of the aforesaid accusations made by the DEFENDANT OFFICERS under their employment and within the scope of their authority, made falsely and maliciously, BOLDON was compelled to appear before a Judge of the Circuit Court of Cook County where he was arraigned and charged with a crime.

37. DEFENDANT OFFICERS instituted and continued the judicial proceedings against BOLDON without probable cause and knowing that BOLDON was not guilty of the crimes for which he was being charged.

38. Said charges were dismissed on May 24, 2018, thereby fully and finally terminating the case in BOLDON'S favor.

39. As a direct and proximate result of this illegal and malicious conduct, BOLDON has suffered extensive damages, including but not limited to: severe emotional harm, incarceration, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, BOLDON prays judgment against the DEFENDANT OFFICERS in a fair and just amount sufficient to compensate him for the injuries suffered, plus, BOLDON seeks a substantial sum in punitive damages against each of the DEFENDANT OFFICERS, as well as, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count III – Malicious Prosecution

(Against Defendant Officers)

40. BOLDON re-alleges paragraphs 1 through 25 as if fully re-pleaded herein.

41. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 United States Code §1367.

42. DEFENDANTS OFFICERS initiated and continued judicial proceedings against BOLDON by making false statements in police reports and causing false testimony to be presented to a Cook County Grand Jury. This false and malicious conduct resulted in BOLDON being charged with and prosecuted for a felony aggravated unlawful use of a weapon by felon.

43. DEFENDANTS OFFICERS instituted and continued the judicial proceedings against BOLDON without probable cause and knowing that BOLDON was not guilty of the crime for which he was being charged.

44. DEFENDANT OFFICERS instituted the judicial proceedings against BOLDON with malice and with willful and wanton disregard for the truth.

45. DEFENDANT OFFICERS brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

46. On May 24, 2018 all charges were dismissed against BOLDON, thereby fully and finally terminating the case in BOLDON'S favor.

47. As a direct and proximate result of this illegal and malicious conduct, BOLDON has suffered extensive damages, including but not limited to: severe emotional harm, deterioration of psychological condition, legal and other out-of-pocket costs, and other damages which will be proven at trial.

48. DEFENDANT OFFICER'S illegal conduct as aforesaid amounts to malicious prosecution by DEFENDANT OFFICERS against BOLDON.

WHEREFORE, BOLDON prays judgment against the DEFENDANT OFFICERS in a fair and just amount sufficient to compensate him for the injuries suffered, plus, BOLDON seeks a substantial sum in punitive damages against each of the DEFENDANT OFFICERS, as well as, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count V – EXCESSIVE FORCE

(Against Defendant Officer SALGADO)

49. BOLDON adopts and realleges paragraphs 1-25 as if fully re-pleaded herein.

50. During and immediately after BOLDON'S seizure, DEFENDANT OFFICER SALGADO used excessive force against BOLDON'S person.

51. There was no legal cause for DEFENDANT OFFICER SALGADO to use force against BOLDON.

52. By reason of DEFENDANT OFFICER SALGADO's conduct, BOLDON was deprived of rights, privileges and immunities secured to him by the Fourth, and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

53. The physical violence inflicted upon BOLDON by DEFENDANT OFFICER SALGADO was unnecessary, unreasonable and excessive, and was therefore in violation of BOLDON'S Fourth and/or Fourteenth Amendment Rights.

WHEREFORE, BOLDON prays judgment against the DEFENDANT OFFICERS in a fair and just amount sufficient to compensate him for the injuries suffered, plus, BOLDON seeks a substantial sum in punitive damages against each of the DEFENDANT OFFICERS, as well as, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count VI – Conspiracy Claims

(Defendant Officers)

54. BOLDON realleges paragraphs 1 through 25 as if fully re-pleaded herein.

55. As outline above, the DEFENDANT OFFICERS conspired and agreed to unlawfully use the police powers of the DEFENDANT OFFICERS to violate the civil rights of BOLDON and charge him with a crime he did not commit.

56. The DEFENDANT OFFICERS took overt acts in furtherance of the conspiracy, which included fabricating evidence, providing false information in sworn reports, signing false criminal complaints, and providing perjured and false testimony in criminal proceedings

which resulted in a deprivation of the BOLDON'S liberty and false criminal charges being brought against him.

57. The DEFENDANT OFFICERS individually and in conspiracy, in the course and scope of their employment, during the arrest of BOLDON and during the pendency of the judicial proceedings against BOLDON, intentionally inflicted emotional distress upon BOLDON and caused BOLDON to be falsely arrested, maliciously prosecuted, and wrongfully imprisoned and was conducted with reckless indifference to BOLDON'S rights.

58. The DEFENDANT OFFICERS conduct in arresting, imprisoning, and continuing BOLDON imprisonment was malicious, willful, wanton, and accomplished for the purpose of concealing their wrongful acts and conspiracy.

59. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, BOLDON prays judgment against the DEFENDANT OFFICERS in a fair and just amount sufficient to compensate him for the injuries suffered, plus, BOLDON seeks a substantial sum in punitive damages against each of the DEFENDANT OFFICERS, as well as, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count VII – Municipal Liability

### (Against Defendant City of Chicago)

60. BOLDON adopts and realleges paragraphs 1-25 as if fully re-pleaded herein.

61. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.

62. The violations of the BOLDON'S constitutional rights as described in this complaint were caused by implementation of policies and practices of the DEFENDANT City of Chicago.

63. The DEFENDANT City of Chicago has a duty to train, supervise, and discipline Chicago Police Officers.

64. The above described deprivation of BOLDON'S rights was caused by the failure of DEFENDANT City of Chicago to adequately train, supervise, and discipline Chicago Police Officers on a continuing basis regarding their duties to refrain from unlawfully and maliciously arresting African American citizens who are acting fully in conformity with all laws, statutes, and ordinances and conspiring to violate the rights, privileges, and immunities guaranteed to BOLDON by laws, statutes, and ordinances of the United States and the State of Illinois.

65. The policy and practice of DEFENDANT City of Chicago to fail to train, supervise, and discipline officers regarding proper arrest procedures prior to the incidents described herein, despite being aware of such deficiencies.

66. In May 2018, DEFENDANT OFFICER SALGADO and ELIZONDO were indicted and charged in Federal criminal case under case number 18-CR-286 for conspiring with others to commit criminal offenses against the United States in their capacity as Chicago Police Officers.

67. The Indictment contains multiple instances of this behavior which is indicative of the pattern and practice alleged herein

68. At no point was DEFENDANT OFFICER SALGADO disciplined or sanctioned in any manner for the criminal conduct that was alleged in the indictment.

69. By its policies of non-feasance and deliberate indifference in the aforementioned area DEFENDANT City of Chicago, through the Chicago Police Department, let it be known to its supervisors and officers, such as DEFENDANT OFFICERS, that DEFENDANT City of Chicago condoned, ratified and by virtue thereof encouraged the unwarranted and illegal misconduct by said officers.

70. As a direct and proximate cause of the wrongdoing of DEFENDANT City of Chicago, BOLDON suffered injuries, including loss of liberty, mental anguish, emotional damages, including emotional distress and a disruption of daily life functions.

WHEREFORE, BOLDON prays judgment against the DEFENDANT OFFICERS in a fair and just amount sufficient to compensate him for the injuries suffered, plus, BOLDON seeks a substantial sum in punitive damages against each of the DEFENDANT OFFICERS, as well as, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count VIII- Indemnification

71. BOLDON realleges and incorporates paragraph 1-18 as fully stated herein

72. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

73. The DEFENDANT OFFICERS acted within their scope of their employment in committing the misconduct described herein. Therefore, DEFENDANT City of Chicago is liable as their employer for any resulting damages of award of attorney's fees.

WHEREFORE, BOLDON respectfully prays that this court grant judgment against the DEFENDANTS, CHICAGO POLICE OFFICERS DAVID SALGADO, STAR # 16347; ROCCO PRUGER, STAR # 15445; A. HAYDEN, STAR #10118; R.S. MOSTOWSKI, STAR #12898; XAVIER ELIZONDO, STAR # 1340; B. MARTINEZ, STAR #14519; N.D. D'ANGELO, STAR #16801; J.D. CARIBOU, STAR #7416, OTHER UNKNOWN CHICAGO POLICE OFFICERS ; and THE CITY OF CHICAGO, awarding compensatory damages, costs and attorneys fees, along with punitive damages against the DEFENDANT OFFICERS in their individual capacities, as well as any other relief this court deems just and appropriate.

## JURY DEMAND

PLAINTIFF, BOLDON, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

By: /s/ Dena M. Singer
Attorney for Plaintiff
Dena M. Singer

By: /s/ Jonathan S. Bedi
Attorney for Plaintiff
Jonathan S. Bedi

Bedi & Singer, LLP
910 West Van Buren 2S
Chicago, IL 60607
(312) 525-2017